Lyman Tiffany Dyer, et al, Executors, Etc.

*v.*

State of Illinois.

*Opinion filed April 18, 1923.*

INHERITANCE TAX—*when claimant entitled to a refund. Sec. 25.* There being no dispute as to the facts and law governing this case, the Court enters an award in favor of claimant for the difference between the amount originally paid and the amount found due upon the re-assessment of the estate.

Edward J. Brundage, Attorney General, for State.

The claimants, Lyman Tiffany Dyer and George Jones Dyer, executors of the will of Henry Lyman Dyer, deceased, bring this action for claims for refund of inheritance tax, paid under section 25 and the Attorney General consents to allowance of amount hereinafter awarded.

Decedent died January 18, 1913, testate, a resident of the State of New York possessing certain property, the transfer of which was taxable under laws of Illinois, County Judge of Cook County entered an order assessing the inheritance tax in said estate at $2,411.49 which order was thereafter June 12, 1914, vacated and a tax fixed at $1,607.50, which sum with interest at 6% amounting to $1,744.14 was paid into County Treasury.

In said order of assessment the widow of decedent was assessed upon a life estate in the entire taxable Illinois property, and the remainder amounting in value to $36,250.00 and dependent upon certain contingencies was distributed for the purpose of the tax under section 25 to trustees under the will for the use of Lyman Tiffany Dyer, a nephew of decedent on the assumption he would ultimately succeed to said remainder.

The decedent's widow, Edith L. Dyer, died July 9, 1919, and thereupon the said remainder became vested indefeasibly in Henry Lyman Dyer, a brother of the decedent and the claimant's estate.

Said Henry Lyman Dyer died November 19, 1921, a resident of the State of New York and the Surrogate's Court thereof granted letters testamentary to claimants herein.

On December 16, 1922, the County Court of Cook County upon petition of claimants setting up the foregoing facts entered an order, approved by the Attorney General re-assessing the inheritance tax in said estate of Edward Tiffany Dyer at $400 which sum plus interest at 6% from decedent's death January 18, 1913, to the date of the original tax was paid June 18, 1914, to-wit: $434.00, which is the correct tax due in said estate.

The difference between the sum originally paid, to-wit, $1,744.14 and the said sum of $434.00, to-wit, $1,310.14 is due as refund to claimants with 3% interest per annum from June 18, 1914.